## Estella Akin, Appellant, v. Rose Alice Nolan et al., Appellees.

### Gen. No. 22,450.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS TAYLOR, JR., Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 27, 1916.

## Statement of the Case.

Bill in equity by Estella Akin, plaintiff, against Rose Alice Nolan *et al.,* defendants, seeking to have decreed as her property certain shares of stock made out in the name of the defendant Rose Alice Nolan, and delivered to her by the complainant in pursuance of an alleged agreement that if the said defendant should live with and take care of the complainant during her lifetime, the latter would on her death leave her property to the said defendant, and for an accounting for money spent for and gifts made by the complainant to the said defendant. From a decree for defendant, complainant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

VOSE & PAGE, for appellant; DELBERT A. CLITHERO, of counsel.

WILLIAM D. DOGGETT, for appellee Rose Alice Nolan.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1744*—*when findings of chancellor not disturbed on appeal.* Where the only witnesses on a hearing before a chancellor are the parties to the proceeding and their testimony is sharply conflicting, the findings of the chancellor will not be disturbed on appeal unless manifestly contrary to the preponderating force of the evidence.

2. EQUITY, § 305*—*what degree of proof required.* To entitle a complainant to relief in a court of equity, he must establish his right thereto by a preponderance of the evidence.

3. GIFTS, § 29*—*when evidence does not show that gift was made under agreement.* In a suit to recover shares of stock alleged to have been given by the complainant to the defendant in accordance with an agreement between the parties, evidence *held* not to establish the existence of the agreement.

4. GIFTS, § 23*—*what has no bearing on right of recovery.* In a suit to recover voluntary gifts, the expectations of the donor of having them returned is of no importance in the absence of some expressed agreement or understanding that they should be returned.

5. GIFTS, § 29*—*when evidence shows gift voluntarily made.* In a suit to recover gifts, evidence *held* to show that they were voluntarily made and hence not recoverable.

6. GIFTS, § 27*—*what assumed in suit by lawyer to recover.* In a suit by a lawyer to recover gifts alleged to have been made in pursuance of an agreement that if the donee should live with and take care of donor during her lifetime, the latter would on her death leave her property to the donee, *held* that it must be assumed that the donor knew that written evidence of such agreement was a legal necessity to the enforcement thereof.

7. GIFTS, § 27*—*what assumed in suit by lawyer to recover.* In a suit by a lawyer to recover gifts of stock alleged to have been made in pursuance of an agreement that the donee should live with and take care of the donor during her lifetime, *held* that it must be

assumed that the donor knew, as a matter of law, that the shares, being made out in the name of the donee and delivered to her, became her absolute property.

8. GIFTS, § 27*—*what assumed in suit by lawyer to recover.* In a suit by a lawyer to recover shares of stock made out in the name of the defendant and alleged to have been given her for safe keeping but not with the intention of passing title, *held* that it must be assumed that the complainant knew that an indorsement was necessary to pass title to complainant.